IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Criminal No. 05-0383** |
| ) | **Electronically Filed** |
| **NOEL CLIVE** ) | |

### Memorandum and Order of Court

Defendant moves for suppression of his computer from his residence and any evidence seized from the computer, such as pornographic images and e-mail correspondence with the undercover agent posing as a 15 year old female on the grounds that there was no probable cause set forth in the warrant or the supporting affidavit,[1] that the warrant was overbroad and that the evidence is not admissible under the "good faith" (United States v. Leon, 468 U.S. 897 (1984)) exception to the warrant requirement.

After careful consideration of defendant's motion (Document No. 19) and the government's response thereto (Document No. 21), the Court finds that, considering the totality of the circumstances, Illinois v. Gates, 462 U.S. 213, 236 (1983), United States Postal Inspector Thomas Clinton, the affiant, stated probable cause to search and seize his computer for pornographic images of minors, since defendant had solicited by e-mail and chat room an undercover agent he believed was a 15 year old girl, "amybell15," sent her an image of a female who appeared to be a minor, and told "amybell15" that the image depicted a girl of "similar age" as her. If the affidavit did not state probable cause, it was certainly close enough to make the Magistrate Judge's probable cause determination reasonable, and, therefore, to make Inspector

---

[1] Neither of which were attached to the motion to suppress. The Court's decision that there was probable cause to support the warrant is based on the undisputed facts as recounted by the parties, giving all reasonable inferences to defendant.

Clinton's reliance on the warrant objectively reasonable and in good faith, and admissible under Leon.[2]

For the foregoing reasons, defendant's motion to suppress (Document No. 19) is **DENIED**.

SO ORDERED this 2nd day of May, 2006

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Tina O. Miller, Esquire
Stephen R. Kaufman, Esquire
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Peter J. King, Esquire
King & King
20 Chatham Square
Pittsburgh, PA 15219

United States Marshal Office
United States Probation Office

---

[2] The government states that the search and seizure of June 3, 2005, was made pursuant to consent voluntarily given by defendant's wife. Consent would, of course, provide another justification excusing the need for a valid search warrant, but the Court could not make a factual determination of consent without an evidentiary hearing and consideration of Georgia v. Randolph, ___ U.S. ___, 126 S.Ct. 1515 (2006) (warrantless search of shared dwelling pursuant to wife's consent unreasonable as to husband defendant who had expressly refused to consent).