IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
)
    v. )     **Criminal No. 05-0383**
)     **Electronically Filed**
**NOEL CLIVE** )

### ORDER OF COURT DENYING DEFENDANT'S MOTION
### FOR IMMEDIATE DEFAULT JUDGMENT (DOC. NO. 63)

Pending before the Court are defendant Noel Clive's pro se Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. no. 59) and a Motion for Immediate Default Judgment on Petitioner's Motion under 28 USC § 2255 Filed Previously Pro Se (doc. no. 63). The Motion for Immediate Default Judgment will be denied.

The Court is in the process of conducting its preliminary review of defendant's Motion to Vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, having received defendant's "<u>Miller</u> Election" on February 22, 2008 (doc. no. 61), in which he states his intention to have the Court review his section 2255 petition as filed (as supplemented in his <u>Miller</u> notice and Memorandum of Law attached thereto). Rule 4(b) states, in pertinent part:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response, within a fixed time, or to take such other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Rule 5(a) further provides that the "respondent is not required to answer the motion unless a judge so orders." Rule 5(a) of the Rules Governing Section 2255 Proceedings. This Court has not directed the government to respond to defendant's

motion to vacate.

Defendant insists that because the government has failed to respond to his motion to vacate within 60 days, as required of a government defendant pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, this Court should enter a default judgment and, among other remedies, vacate his sentence and judgment of conviction and order his record expunged.

Habeas corpus proceedings cases are *sui generis*, and to the extent the Federal Rules of Civil Procedure are inconsistent with the Rules Governing Section 2255 proceedings, the latter prevail. United States v. v. Bendolph, 409 F.3d 155, 166 (3d Cir. 2005). Indeed, although defendant references Rule 12 of the Rules Governing Section 2255 Proceedings to argue that both sets of rules may apply to his habeas corpus proceeding, Motion for immediate Default judgment (doc. no. 63) at ¶ 1, he overlooks Rule 12's admonition that the Rules of Civil Procedure apply only "to the extent that they are not inconsistent with any statutory provision or these rules . . ." governing section 2255 proceedings.

Under Rules 4(b) and 5(a) of the Rules Governing Section 2255 Proceedings, the government was and is under no obligation to answer defendant's motion to vacate unless and until this Court would direct it to do so, and it has not done that. Accordingly, defendant's Motion for Immediate Default Judgment on Petitioner's Motion under 28 USC § 2255 Filed Previously Pro Se (doc. no. 63) is HEREBY DENIED.

SO ORDERED this 14th day of May, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record