IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 05-0383** |
| | ) | **Civil Action No. 07-1677** |
| | ) | **Electronically Filed** |
| **NOEL CLIVE** | ) | |

**ORDER OF COURT**

Petitioner has filed a "Motion for Reconsideration Pursuant to Rule 59 of Federal Rules of Civil Procedure" (doc. no. 74), requesting this Court to Reconsider its Order of August 19, 2008, denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that he "never received the Order of Court (Document 68), and was therefore unable to respond at all to it." Motion for Reconsideration, ¶ 1. The Order of Court to which petitioner refers was entered on May 28, 2008 and it includes the following Rule to Show Cause directing petitioner to explain why his motion to vacate should not be dismissed as untimely:

**IV.**

**RULE DIRECTED TO PETITIONER TO SHOW CAUSE WHY MOTION TO VACATE SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner's motion to vacate appears to be untimely under 28 U.S.C. §2255(f)(1) and (f)(4) ("(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."). Pursuant to the Federal Rules of Appellate Procedure, a defendant has ten business days to file a notice of appeal. Fed. R. App. P. 4(b)(1), 26(a). Where, as here, a defendant does not appeal from the judgment of conviction and sentence, it becomes final after the ten days for filing such an appeal expires. *E.g., United States v. Bass*, 2006 WL 3825151, \*2 (E.D.Pa. 2006) ("petitioner's sentence became final ten days from the entry of the judgment, on March 6, 2001. Through the exercise of due diligence, petitioner

1

could have discovered the facts supporting the pro se §2255 Motion on this date. Thus, the AEDPA limitations period for petitioner's §2255 Motion expired one year from March 6, 2001, on March 6, 2002." footnotes omitted).

Petitioner's judgment of conviction and sentence became final on November 23, 2006, the one year limitation for filing a motion to vacate expired on November 23, 2007, and petitioner did not file his initial motion to vacate until December 10, 2007, some 17 days out of time. Moreover, the matters raised in petitioner's all-inclusive motion to vacate all appear to be matters that were known or knowable in the exercise of due diligence prior to entering a plea of guilty. Thus it appears that petitioner's motion to vacate is untimely.

The United States Court of Appeals for the Third Circuit held, in *United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005), that a federal court hearing a post conviction relief motion has the authority to raise a statute of limitations issue *sua sponte*. However, the Court should ordinarily "give notice that a limitations problem may exist, as well as provide an opportunity for a habeas movant or petitioner to respond" to the Court's concerns. *Id*. at 165, n.15. There may be reasons not apparent on the record that could justify equitable tolling of the statute of limitations. See *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Accordingly,

On or before June 23, 2008, petitioner shall file a Response to Rule to Show Cause and Memorandum of Law, and shall show cause why his motion to vacate should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

Order of Court (doc. no. 68) at 3-5.

In its Memorandum Opinion of August 19, 2008 in support of denial of section 2255 relief (doc. no. 72), the Court explained that because its judgment of sentence was rendered on November 13, 2006, and because Petitioner did not appeal the judgment within the ten-day window provided under Fed. R. App. P. 4(b)(1)(A), Petitioner's sentence became final, and the statute of limitations period for filing a Section 2255 motion starting running, on November 27, 2006.[1] Consequently, petitioner's statute of limitations expired one year later, on November 27,

---

[1] This date reflects the passage of ten business days from the date of entry of judgment in accordance with Fed. R. App. Proc. 4(b)(1) and 26(a). The Court inadvertently stated, in its Order of Court Granting Motion to Amend Motion to Vacate Under 28 U.S.C. § 2255, with Rule

2

2007, and his motion to vacate was untimely filed on December 10, 2007.

Taking petitioner at his word that he did not, in fact, receive the Rule to Show Cause, the Court will grant his motion for reconsideration and permit petitioner to file a Response to Rule to Show Cause and the government to file a reply thereto.

AND NOW, this 3rd day of September, 2008, petitioner Noel Clive's Motion for Reconsideration is HEREBY GRANTED in part. Petitioner shall file a Response to Rule to Show Cause on or before **October 3, 2008**; the government shall file any reply thereto on or before **October 17, 2008.**

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: Petitioner and all counsel of record

---

to Show Cause, that the statute of limitations commenced to run on November 23, 2006. (Doc. No. 68) at 4.