IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-0383 |
| | ) | Civil Action No. 07-1677 |
| | ) | Electronically Filed |
| NOEL CLIVE | ) | |

**ORDER OF COURT**

Petitioner Noel Clive appeared, initially, to have accepted the consequences of his conduct on October 27, 2006, the date he pleaded guilty to one count of traveling in interstate commerce to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and 2423(e). A full, comprehensive and thorough colloquy demonstrated, unequivocally, his admission to committing the conduct charged in the indictment, his grasp of the proceedings, his understanding of the charges against him and of the consequences of pleading guilty, his understanding of the rights he was giving up by entering a plea of guilty and admitting the conduct for which he was charged, and his satisfaction with the representation provided by counsel. It is equally apparent, at this point, that petitioner now steadfastly refuses to accept the consequences of conduct or of his voluntary, knowing and intelligent waiver of his constitutional rights to present a defense and to proceed to a trial wherein he would be protected by all of the procedural and substantive rights provided by the United States Constitution and the Federal Rules of Criminal Procedure.

On August 19, 2008, this Court entered a Memorandum Opinion and separate Order denying petitioner's Motion to Vacate under 28 U.S.C. § 2255 based on (1) its untimely filing;

1

(2) his knowing, voluntary and intelligent waiver of his right to file a Section 2255 petition or other collateral attack; and (3) his failure to demonstrate that Section 2423(b) is constitutionally unsound and, therefore, failure to consider such an argument on its merits is fundamentally fair. Subsequently, petitioner filed a "Motion for Reconsideration Pursuant to Rule 59 of Federal Rules of Civil Procedure" (doc. no. 74), requesting this Court to Reconsider its Order of August 19, 2008, denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. Petitioner claimed that he "never received the Order of Court (Document 68), and was therefore unable to respond at all to it." Motion for Reconsideration, ¶ 1. The Order of Court to which petitioner referred was entered on May 28, 2008, and it included the following Rule to Show Cause directing petitioner to explain why his motion to vacate should not be dismissed as untimely:

## IV.

### RULE DIRECTED TO PETITIONER TO SHOW CAUSE WHY MOTION TO VACATE SHOULD NOT BE DISMISSED AS UNTIMELY

Petitioner's motion to vacate appears to be untimely under 28 U.S.C. §2255(f)(1) and (f)(4) ("(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."). Pursuant to the Federal Rules of Appellate Procedure, a defendant has ten business days to file a notice of appeal. Fed. R. App. P. 4(b)(1), 26(a). Where, as here, a defendant does not appeal from the judgment of conviction and sentence, it becomes final after the ten days for filing such an appeal expires. *E.g., United States v. Bass*, 2006 WL 3825151, *2 (E.D.Pa. 2006) ("petitioner's sentence became final ten days from the entry of the judgment, on March 6, 2001. Through the exercise of due diligence, petitioner could have discovered the facts supporting the pro se §2255 Motion on this date. Thus, the AEDPA limitations period for petitioner's §2255 Motion expired one year from March 6, 2001, on March 6, 2002." footnotes omitted).

Petitioner's judgment of conviction and sentence became final on November 23, 2006, the one year limitation for filing a motion to vacate expired

on November 23, 2007, and petitioner did not file his initial motion to vacate until December 10, 2007, some 17 days out of time. Moreover, the matters raised in petitioner's all-inclusive motion to vacate all appear to be matters that were known or knowable in the exercise of due diligence prior to entering a plea of guilty. Thus it appears that petitioner's motion to vacate is untimely.

The United States Court of Appeals for the Third Circuit held, in *United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005), that a federal court hearing a post conviction relief motion has the authority to raise a statute of limitations issue *sua sponte*. However, the Court should ordinarily "give notice that a limitations problem may exist, as well as provide an opportunity for a habeas movant or petitioner to respond" to the Court's concerns. *Id*. at 165, n.15. There may be reasons not apparent on the record that could justify equitable tolling of the statute of limitations. See *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Accordingly,

On or before June 23, 2008, petitioner shall file a Response to Rule to Show Cause and Memorandum of Law, and shall show cause why his motion to vacate should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

Order of Court (doc. no. 68) at 3-5.

In its Memorandum Opinion of August 19, 2008 in support of denial of section 2255 relief (doc. no. 72), the Court explained that because its judgment of sentence was rendered on November 13, 2006, and because Petitioner did not appeal the judgment within the ten-day window provided under Fed. R. App. P. 4(b)(1)(A), Petitioner's sentence became final, and the statute of limitations period for filing a Section 2255 motion starting running, on November 27, 2006.[1] Consequently, petitioner's statute of limitations expired one year later, on November 27, 2007, and his motion to vacate was untimely filed on December 10, 2007.

Taking petitioner at his word that he did not, in fact, receive the Rule to Show Cause, the

---

[1] This date reflects the passage of ten business days from the date of entry of judgment in accordance with Fed. R. App. Proc. 4(b)(1) and 26(a). The Court inadvertently stated, in its Order of Court Granting Motion to Amend Motion to Vacate Under 28 U.S.C. § 2255, with Rule to Show Cause, that the statute of limitations commenced to run on November 23, 2006. (Doc. No. 68) at 4.

Court granted his motion for reconsideration and permitted petitioner to file a Response to Rule to Show Cause and the government to file a Reply thereto.  Petitioner has now filed his Response to Rule to Show Cause (doc. no. 78), and the government has filed its Reply (doc. no. 79).

Petitioner's Response is, in fact, largely not responsive to the Rule to Show Cause, inasmuch as it mostly rehashes or embellishes his substantive arguments for vacating his sentence.  His actual response on the untimeliness issue concedes that his motion was untimely (by only "a scant 8 business days after the deadline" ), but requests the Court to disregard his untimeliness because it was very difficult for him to research the law, review the record and draft the Motion to Vacate in the BOP prison to which he was assigned.  Response to Rule to Show Cause (doc. no. 78) at 7-10.   Petitioner claims these difficulties amount to "exceptional circumstances" that should excuse his late filing.

The United States Court of Appeals for the Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances.  *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998).  "The law is clear that courts must be sparing in their use of equitable tolling." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  As this Court previously stated in *United States v. Clive*, 2008 WL 3889726, *6 (W.D.Pa. 2008):

> This Court, while sympathetic to the challenges faced by pro se litigants, finds no extraordinary circumstances meriting equitable tolling under the standards set forth in *Miller* and *Jones*. A petitioner's pro se status and ignorance of the law do not merit the tolling of the statute of limitations. See *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2005) (holding that equitable tolling for AEDPA's one-year limitations period was not warranted when the defendant could have brought his claim in a timely fashion had he exercised reasonable diligence); *Miller v. N .J. State Dep't of Corr.*, 145 F.3d at 618 ("Mere excusable neglect is not sufficient."); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)

(equitable tolling not justified by the fact that petitioner simply did not know about AEDPA time limitation).

Routine aspects of prison life such as unfamiliarity with the law, lack of access to legal resources and prison disturbances "do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations." *Atkins v. Harris*, 1999 WL 13719, at *2 (N.D.Cal. 1999). "Hardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted." *Saldana v. Artuz*, 2000 WL 1346855, *2 (S.D.N.Y. 2000) (citations omitted) (difficulty accessing library books due to three months in solitary confinement and six months in prison lock down did not amount to extraordinary circumstances). Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll AEDPA's statute of limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008), citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000).

Petitioner generically claims that the difficulties of prison life impeded his ability to timely file his habeas corpus petition, and does not offer any specific fact or circumstance that might qualify as "extraordinary." Cf. *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000) (confiscation of prisoner's draft habeas petition and other legal papers by a correction officer was an "extraordinary" circumstance that excused late filing). Petitioner has not shown good cause why his Motion to Vacate should not have been dismissed as untimely.

Having reconsidered the Order of August 19, 2008 denying habeas corpus relief and finding no good cause to disturb that ruling, the Court will reaffirm the denial of petitioner's Motion to Vacate by separate Order of Court.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: Petitioner and all counsel of record