IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
)
**v.** ) **Criminal No. 05-0383**
) **Electronically Filed**
**NOEL CLIVE** )

### MEMORANDUM AND ORDER OF COURT DENYING DEFENDANT'S MOTION TO VACATE SENTENCE AND JUDGMENT AND DISMISS INDICTMENT WITH PREJUDICE UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 60(B)(6) (DOC. NO. 82)

Before the Court is petitioner Noel Clive's Motion to Vacate Sentence and Judgment and Dismiss Indictment with Prejudice under Federal Rules of Civil Procedure, Rule 60(b)(6) (Doc. No. 82). This Court denied petitioner's Habeas Corpus Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Motion to Vacate") (Doc. No. 59) by Order dated August 19, 2008 (Doc. No. 73), and reaffirmed that denial on October 20, 2008, following reconsideration. Order of Court (Doc. No. 80).

The Court must deny Mr. Clive's "second or successive habeas corpus application" because the United States Court of Appeals for the Third Circuit has not issued a certificate of appealability to file such an application pursuant to 28 U.S.C. §§ 2255 and 2244. This Court has no jurisdiction to entertain this second attempt unless and until the Court of Appeals would grant leave to petitioner to file same in this Court. *Morris v. Horn*, 187 F.3d 333, 339-40 (3d Cir. 1999).

Section 2244(b) of the habeas corpus statutes provides, in relevant part:

(2) A claim presented in a second or successive habeas corpus

1

application under section 2254 [or section 2255, as that section provides] that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C § 2244(b)(2), (b)(3).

Petitioner's collateral attack on his sentence purports to have been filed pursuant to Fed.R.Civ.P. Rule 60(b)(6).  To the extent that he collaterally attacks his conviction and sentence under Rule 60(b), the motion is a "second or successive" section 2255 motion.  See *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).  Absent prior authorization to file such a petition by the Court of Appeals, the District Court lacks jurisdiction to consider the successive section 2255 motion.  See 28 U.S.C. §§ 2255(h) and 2244(b); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Petitioner's current motion to vacate is in the nature of a collateral challenge to his sentence based upon his Double Jeopardy right not to be twice placed in jeopardy for the same offense.  Petitioner claims that the Double Jeopardy Clause of the United States Constitution was somehow violated when he entered a plea of guilty in 2006 to Count Two of a two-count

2

indictment, charging him with interstate travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) & (e), and that he received ineffective assistance of counsel because his attorney did not raise the Double Jeopardy bar.

Thus, petitioner's current motion must be deemed a motion for collateral relief from his judgment of sentence pursuant to 28 U.S.C. § 2255. See *United States  v. Chew*, 284 F.3d 468, 469-70 (3d Cir. 2002).  It is the function of the motion under consideration and the nature of the relief sought that determines what the motion is, not the label attached by the movant or the respondent.  *Contents of Accounts at Merrill, Lynch*, 971 F.2d 974, 988 (1992), cert. denied sub nom 507 U.S. 985 (1993) ("The character of a motion is determined by its function, not its title.").  See also *United States v. Bohn*, 1999 WL 1067866, *3 (E.D.Pa. 1999) (courts consider relief sought by petitioners, not labels attached to petitions, and "if it walks and talks like a successive § 2255 motion, then we shall treat it as such.").

Although petitioner styled his current motion as a Rule 60(b) motion, perhaps to avoid the substantive gatekeeping provisions governing second or successive 28 U.S.C. § 2255 habeas petitions, petitioner's collateral attack is precisely what the Anti-Terrorism and Effective Death Penalty Act of 1996 sought to limit.

Accordingly,

AND NOW, this 14th day of December, 2009, IT IS HEREBY ORDERED that

petitioner's Motion to Vacate Sentence and Judgment and Dismiss Indictment with Prejudice

under Federal Rules of Civil Procedure, Rule 60(b)(6) (Doc. No. 82) is DISMISSED for lack of

jurisdiction.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Noel Clive, Pro Se
08746-068
Federal Correctional Institution Elkton
P.O. Box 10
Lisbon, OH 44432