IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                                        Criminal No. 05-00383
                                        ELECTRONICALLY FILED

    v.

NOEL CLIVE,

        Defendant.

**MEMORANDUM ORDER DENYING PETITION TO TERMINATE SUPERVISION**

        Defendant Noel Clive was sentenced to 57 months of imprisonment and 10 years of supervised release on October 27, 2006 following his guilty plea to travel with intent to engage in illicit sexual conduct with a minor female in violation of 18 U.S.C. §§ 2423(b) and (e). Defendant completed his term of imprisonment on February 18, 2011 and his term of supervised release is scheduled to expire on February 17, 2021. Now pending before the Court is Defendant's Petition to Terminate Supervision, Doc. No. 92.

        Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release at any time after the expiration of one-year of supervised release upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). The United States Court of Appeals for the Third Circuit has determined that the early termination of supervision should occur "only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *United States v. Laine*, 404 Fed. App'x 571, 573-74 (3d Cir. 2010). When ruling on a motion to terminate supervision, the Court must consider (1) the characteristics of the offense and the defendant; (2) whether the sentence reflects the seriousness of the offense, deters other criminal

conduct, protects the public, and rehabilitates the defendant; (3) the other available sentences; (4) the sentence and applicable sentencing range for the defendant's crime; (5) pertinent policy statements provided by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). As always, the sentence imposed must be sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Id.*

Defendant reports that, since his term of supervision commenced, he has been married and maintained a stable relationship with his spouse, he has written music that is played in area churches, he has endeavored to find employment, he has sought mental health counseling, and he has not violated the conditions of his supervised release.[1] Doc. No. 92.

Final sentences should not be terminated lightly and the Court has carefully considered the Section 3553(a) sentencing factors. Defendant's conduct in seeking counseling and not violating the conditions of his supervised release is not exceptional; it was ordered by this Court, and is expected. Defendant has not set forth any compelling reason to terminate his supervision at this time. Although he reports some difficulty in finding employment, he attributes that difficulty to his criminal record and not to any burdensome condition of his supervised release.

The Court hereby DENIES Defendant's Petition to Terminate Supervision, doc. no. 92. The sentence imposed was sufficient, but no more than necessary, to accomplish the goals of sentencing and appropriately reflects the seriousness of Defendant's crime.

SO ORDERED, this 10th day of August, 2017,

s/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge

---

[1] The Court notes that Defendant's religious song-writing and active participation in mental health treatment was also referenced at the time of his sentencing. Doc. No. 70 (transcript of sentencing hearing).